UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:05-cr-53-JSM-TGW

JAMES ORTIZ-CASTRO
_____/

## SENTENCING MEMORANDUM

Defendant James Ortiz-Castro, by and through undersigned counsel, pursuant to 18 U.S.C. §§ 3553 and 3661 and Rule 32(i) of the Federal Rules of Criminal Procedure, presents the following relevant information for the Court to consider in determining a reasonable sentence to impose in this case:

## Facts and Procedural History

The violation of supervised release that is before this Court arises from an MDLEA offense that was prosecuted in Case No. 8:15-cr-00499-SCB-JSS. In November, 2015, Mr. Ortiz-Castro was present, along with two other crewmembers, on a semi-submersible vessel in international waters. Pursuant to directives given from those in charge of the smuggling operation, when the United States Coast Guard approached, a valve on the vessel was opened and the semi-submersible scuttled. Mr. Ortiz-Castro, amazingly, did not know how to swim.

Though the Coast Guard did not recover the cocaine that was onboard the vessel, Mr. Ortiz-Castro and the other crew members readily admitted to having had cocaine on board the vessel. Mr. Ortiz-Castro, likewise, immediately took responsibility for his actions and further took responsibility as the captain of the vessel. He, thereafter, provided substantial assistance to the investigating authorities and cooperated in the Government's prosecution. On Febraury 19, 2016, Mr. Ortiz-Castro pled guilty pursuant to plea agreement in the underlying case to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to United States jurisdiction. Since that time, he has continued to make himself available to the Government and has cooperated with law enforcement. Consequently, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 in the underlying case.

On June 8, 2016, the Honorable Susan C. Bucklew sentenced Mr. Ortiz-Castro to 210 months imprisonment to be followed by 60 months of supervised release in the underlying case. In imposing sentence, Judge Bucklew stated that she would have no objection to Mr. Ortiz-Castro's violation of supervised release sentence being imposed to run concurrent to the sentence that she was imposing in that underlying case. In that case, Mr. Ortiz-Castro was sentenced alongside co-defendants Alsi Reina Colorado and Eustaquio Yesquen Aguire, both of whom were also serving supervised release terms imposed in this District on MDLEA offenses.

*United States v. Ortiz-Castro*
Sentencing Memorandum
Page 2 of 6

Both of those defendants have since been sentenced on their violations of supervised release and have received sentences imposed concurrently with the sentences of imprisonment that Judge Bucklew imposed in the underlying case. *See* Case 8:05-cr-00026-EAK-TBM (Doc. 393); Case 8:08-cr-00012-JSM-TGW (Doc 164).

Mr. Ortiz-Castro scores 24 to 30 months on the Grade A violation that is before this Court. For the reasons set forth below, he asks the Court to impose a low-end sentence to run concurrent to the term of imprisonment that he is serving in the underlying case.

## Overall Sentencing Considerations and the 18 U.S.C. § 3553(a) Factors

Mr. Ortiz-Castro was raised in Buenaventura in a working class family. He began working full-time himself at the age of seven in order to contribute to his family's needs. His family did not have the means to provide him with any formal education as child. He continued, however, to work diligently into adulthood.

Mr. Ortiz-Castro has been in a relationship with his wife for the last 22 years. He has six children who are relatively successful, particularly given the extreme economic hardships they have faced. He put himself through school in his 30s in effort to better provide for his family. Despite his consistent hard work, Mr. Ortiz-Castro was rarely able to adequately provide for his family.

Mr. Ortiz-Castro's decision to participate in this offense was motivated by his abject poverty and his need to provide for his family. Most notably, Mr. Ortiz-Castro sought funds to pay for the medical bills incurred by the meningitis treatment and brain surgery of one of his sons, the university tuition that was required for another of his sons, and the recurring medical expenses that were required to treat his wife's thrombosis. He was simply desperate to fulfill his family's needs and felt that he had no viable way of doing so. The final straw that led him to make his foolish decision to participate in the drug trip came when his son returned home from the university and told him that he could no longer attend the school for financial reasons. Mr. Ortiz-Castro's desperation in agreeing to participate in this offense is illustrated by the fact that he, despite not knowing how to swim, agreed to travel on board a semi-submersible that was designed to rapidly sink upon apprehension. While his actions were certainly wrong, the motivations underlying those actions were well-intentioned.

Mr. Ortiz-Castro is now serving a very substantial sentence of imprisonment – 210 months. Given his current age, 49 years-old, he will not be a risk to commit any future crimes upon his release from that sentence. *See* Eddy Lynton, Correlate of Recidivism: A Study Examining the Differences Between First Time Felony Probationers and Recidivist Felony Probation Offenders (May 2007) available at: http://digital.library.unt.edu/permalink/meta-dc-3645:1 (citing to various age-

recidivism studies and recognizing that the risk of recidivism drastically decreases with age.) Mr. Ortiz-Castro terribly regrets that his actions have crippled his already strained ability to provide for his family. His sole concern now is to hopefully live out his sentence and reunite with his wife and family in Colombia one day.

Based on the foregoing, Mr. Ortiz-Castro respectfully requests that this Honorable Court impose a low-end sentence to run concurrently with the 210 month sentence of imprisonment that he is serving in the underlying case. Such a sentence would be sufficient, but not greater than necessary, to reflect the factors to be considered at sentencing pursuant to 18 U.S.C. § 3553. The imposition of such a sentence would, furthermore, avoid sentencing disparities among the defendants from the underlying case, both of whom received concurrent terms of imprisonment when sentenced on their violations of supervised release.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 25, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
CJA Counsel for Defendant